[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs have brought this action against Hagerman Transport Service, Inc. who, it is alleged, was operating a "trailer owned by the defendant Transport International Pool, Inc. and leased to the defendant Hagerman Transport Service, Inc. The plaintiffs have also brought this action against Transport International Pool, Inc. from whom the defendant Hagerman Transport Service, Inc. leased the trailer.
As to the defendant Transport International Pool, Inc., the lessor of the trailer, it is claimed that said defendant "is liable for the damages caused by the operation of the vehicle pursuant to Section 14-154a of the Connecticut General Statutes.
General Statutes § 14-158a provides:
 "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
General Statutes § 14-1 (47) defines motor vehicle as follows:
 "(30) `Motor Vehicle' means any vehicle propelled or drawn by any non-muscular power, except . . .".
The statute then defines a number of exceptions, all of which are clearly recognized as self-powered vehicles. CT Page 9403
General Statutes § 14-1 (83) defines "trailer" as follows:
 "(83) `Trailer' means any rubber tired vehicle without motive power drawn or propelled by a motor vehicle."
The complaint, first count and third count thereof, describes the vehicle owned by the defendant Transport International Pool, Inc. as and only as a "trailer." The complaint however, apparently drawn with intentional ambivalence, states in the second and fourth counts that the trailer was being operated by an employee of the defendant's lessee Herman Transport Services, Inc.
It is not clear from the pleadings as to whether the plaintiff claims that the "trailer" was a self-propelled vehicle, which would cause it to be a motor vehicle, or, conversely whether it was a mechanism "without motive power drawn or propelled by a motor vehicle" which would arguably cause a "trailer" not to be a motor vehicle and hence not subject to the provisions of General Statutes § 14-154a.
Construing the complaint most favorably to the plaintiff the Court cannot grant the defendant's motion to strike on the first ground so asserted, the nonapplicability of General Statutes § 14-154a by virtue of the term "trailer" without further definition.
The second ground, set forth in the brief, to wit the failure to identify the specific operator of the "trailer" cannot be sustained. See Practice Book Sec. 109 as concerns defendants against whom vicarious liability is imposed.
For the reasons set forth herein the motion to strike is denied.
L. Paul Sullivan, J.